

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELIN GROSSER-SAMUELS,<br>    Plaintiff/Counter Defendant | § § § | |
| vs. | § § | |
| JACQUELIN DESIGNS ENTERPRISES,<br>INC.<br>    Defendant/Counter Plaintiff | § § § § | CIVIL ACTION NO.<br>4:06-CV-0159 A |
| and | § § | |
| DU NOUVEAU DESIGNS, INC.<br>    Third Party Plaintiff, | § § § | |
| vs. | § § | |
| MICHAEL BURNS,<br>    Third Party Defendant | § § § | |

## EMERGENCY MOTION TO STAY PROCEEDINGS PENDING DISCOVERY AND RULING ON DISQUALIFICATION ISSUES AND BRIEF IN SUPPORT

Counter-Plaintiff Jacquelin Designs Enterprises, Inc. ("JDE") respectfully submit this Emergency Motion to Stay Proceedings Pending Discovery and Ruling on Disqualification Issues, as follows:

### I. Emergency Motion for Stay of Proceedings and Brief in Support

A.  Facts

A preliminary injunction hearing in this matter is scheduled for March 21, 2006 at 9:00 a.m. In the late afternoon of March 20, in the course of preparing for the hearing, counsel for Jacqueline Design Enterprises, Inc. ("JDE") discovered, for the first time, certain documents that raise a serious issue about whether counsel for Plaintiff may properly represent her in this action. Specifically, invoices from a high level consultant (and former president of the parent company of JDE and DuNouveau Designs, Inc.), who was retained by JDE during the time period when

PAGE -1-

Plaintiff was still its President to aid Plaintiff in turning JDE around financially, plainly indicate that **in September through at least December of 2005, Plaintiff's counsel either provided legal services to JDE regarding issues that go to the very heart of this lawsuit—including legal advice regarding ownership of trademarks and licensing issues—or has put himself in a position where he is a key fact witness as to the Plaintiff's conduct that is the subject of JDE's counterclaims.**

True and correct copies of the invoices at issue are attached as <u>Exhibit A</u> to the Appendix accompanying this Motion. This potential disqualification issue is of particular concern, in light of the evidence JDE has previously obtained indicating that Plaintiff has been intercepting JDE's e-mail communications, including attorney work product information—factual allegations that already "cause the court significant concern." (Doc. No. 22, at 2.)

### B.  Argument and Authorities

It is well-settled that a lawyer and his law firm should be disqualified if the lawyer would be able to use privileged information obtained through a former client in matters that are substantially related to current litigation against that client. *See, e.g., Kevlik v. Goldstein*, 724 F.2d 844, 850-51 (1st Cir. 1984). Even if the lawyer has not previously represented an adverse party, he should be disqualified if he is a fact witness, i.e. if he is likely to testify on behalf of his client about factual matters other than attorneys' fees or uncontested issues. *See* ABA Model Rules of Prof. Conduct, Rule 3.6(a) (2003); *International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1272-73 (4th Cir.1981). Based on the time entries included in the attached invoices, it appears that Plaintiff's attorney may well be disqualified on one of these grounds, and JDE respectfully requests that it be allowed to obtain discovery concerning this issue so that these issues may resolved efficiently and effectively.

A district court has inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (referring to power to stay proceedings as incident to such inherent powers). In this instance, a ruling on disqualification of Plaintiff's counsel should precede any other proceedings, so that Plaintiff will have an opportunity to obtain proper legal representation in the event her attorney is disqualified. In addition, a brief stay of proceedings will avoid the possibility of having to re-litigate any issues decided if Plaintiff's attorney is later disqualified.

## II. Request for Relief

Based upon the foregoing, JDE respectfully requests that the Court enter an order that permits the parties to conduct limited expedited discovery on the issue of whether Plaintiff's counsel should be disqualified and stays all proceedings pending a resolution of those issues.

Respectfully submitted,

_____
Marc D. Katz
State Bar No.  00791002
Peggy L. Facklis
State Bar No.  24007167

JENKENS & GILCHRIST,
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202-2799
(214) 855-4500
(214) 855-4300 (fax)

**ATTORNEYS FOR COUNTER AND THIRD PARTY PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke to Russ Schultz, counsel for Plaintiff on March 20, 2006 concerning the matters that are subject of this Motion, and that no agreement could be reached as to those matters. Accordingly, this Motion is being filed as an opposed Motion.

_____

**PAGE -4-**

DALLAS3 1160890v1 69371-00001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded, *via hand delivery*, to attorney for Counter and Third Party Defendants, George R. Schultz, Schultz & Associates, One Lincoln Center, 5400 LBJ Freeway, Suite 1200, Dallas, Texas 75240 on this 21st day of March, 2005.

_____